UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PELEUS INSURANCE COMPANY,

       Plaintiff,

- against -

AVO CONSTRUCTION, LLC, BEVERLY BRACKER
AND CHARLES F. SALLEY, AS TEMPORARY
GUARDIANS OF THE PERSON AND PROPERTY OF
TIMOTHY BRACKER and 19 RICHARDSON, LLC,

       Defendants.
-------------------------------------------------------------------X

Docket No.
**21-CV-04129(ARR)(CLP)**

**ANSWER WITH AFFIRMATIVE DEFENSES & COUNTERCLAIMS**

  Defendants, BEVERLY BRACKER and CHARLES F. SALLEY, AS TEMPORARY CO-GUARDIANS OF THE PERSON AND PROPERTY OF TIMOTHY BRACKER (collectively "answering Defendants"), by their attorneys, Aboulafia Law Firm, *Of Counsel* to the Law Offices of Robert A. Cardali & Associates, LLP, answering the Summons and Complaint of the Plaintiff, PELEUS INSURANCE COMPANY, filed July 22, 2021, respectfully set forth and allege upon information and belief the following:

1. The Answering Defendants do not have knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs "1, 2, 7, 8, 9, 10, 11, 16, 26, 27, 28, and 29", and refer all questions of law to the court.

2. The Answering Defendants do not have knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs "3, 4, 5, 12, 13, 17, 18, 19, 21, 23, 24, and 30".

3. The Answering Defendants admit the allegations contained in paragraphs "6, 14, and 15".

4. The Answering Defendants deny each and every allegation contained in paragraphs "20, 22, 25, 31, 32, 33, 34, 35, 36, and 37".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Answering Defendants have not entered judgment against 19 RICHARDSON, LLC and 19 RICHARDSON, LLC has not entered judgment against AVO CONSTRUCTION, LLC, in the underlying Bracker lawsuit, but anticipate that when a judgment is entered, Plaintiff will breach its policy obligations and refuse to remit payment on the judgment amount.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Lack of Subject Matter Jurisdiction

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a claim for relief against the Answering Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The subject policy provides coverage for the claims asserted against 19 RICHARDSON, LLC and AVO CONSTRUCTION, LLC in the underlying Bracker lawsuit as Timothy Bracker was acting in a supervisory capacity at the time of his injury.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred to the extent they are subject to the doctrine of laches.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff failed to timely provide the answering Defendants with notice of its coverage position and issue the appropriate coverage letters, and therefore, plaintiff has waived its rights and should be estopped from denying coverage.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims have no adequate remedy at law.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Plaintiff does not have standing to assert any claims against the Answering Defendants.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Plaintiff has engaged in unfair claims settlement practices in the underlying Bracker lawsuit in violation of New York Insurance Law §2601.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is collaterally estopped, due to documents filed by its insured, from asserting claims as to the employment status and job position of Timothy Bracker as a result of its insured's filings and position in the workers compensation claim, specifically, and not limited to "Employers Statement of Wage Earnings" dated June 5, 2019.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's allegation of a change in employment position lacks merit due to the lapse of time between the activity specified in the Complaint and the time of injury. Under such circumstances the exclusion or condition, *Designated Ongoing Operations and Products-Completed Operations Hazard* does not apply nor exclude indemnity coverage to Plaintiff's insured for the underlying Bracker lawsuit.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has lost the right to raise any exclusions or conditions to deny coverage to any insured or to deny payment to the answering Defendants of any judgment against any of Plaintiff's insured due to its failure to comply with NY Insurance Law §3420.

## AS AND FOR THE ANSWERING DEFENDANTS FIRST COUNTERCLAIM AGAINST PLAINTIFF

1. That, at all relevant times, Timothy Bracker was an employee of AVO CONSTRUCTION LLC, and was working in his capacity as a supervisor at the time of the injuries giving rise to the underlying Bracker lawsuit.

2. That the claims asserted in the underlying Bracker lawsuit against 19 RICHARDSON LLC, and the claims asserted by 19 RICHARDSON LLC against AVOCONSTRUCTION LLC are not excluded from coverage under the subject policy.

3. That in the event that the answering Defendants secure a judgment against 19 RICHARDSON LLC, and 19 RICHARDSON LLC secures a judgment against AVO ONSTRUCTION, LLC in the underlying Bracker lawsuit, then Plaintiff will be required to fully indemnify AVO CONSTRUCTION LLC against such claims, and ergo indemnify 19 RICHARDSON LLC.

4. Based on the foregoing, the answering Defendants seek a declaratory judgment that coverage under the subject policy must be afforded for the claims asserted in the underlying Bracker lawsuit.

## AS AND FOR THE ANSWERING DEFENDANTS SECOND COUNTERCLAIM AGAINST PLAINTIFF

5. Answering Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "4" hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

6. On the day and at the time of the subject injury, Timothy Bracker was present at the subject job site acting in a supervisory capacity.

7. At no time prior to the incident did his job title or position change in any manner.

8. As a result of the facts pled herein, the *Designated Ongoing Operations and Products-Completed Operations Hazard* exclusion or condition, in Plaintiff's Policy is inapplicable to the underlying Bracker lawsuit.

9. Based on the foregoing, the answering Defendants seek a declaratory judgment that coverage under the subject policy must be afforded for the claims asserted in the underlying Bracker lawsuit.

## AS AND FOR THE ANSWERING DEFENDANTS THIRD COUNTERCLAIM AGAINST PLAINTIFF

10. Answering Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "9" hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

11. Plaintiff failed to comply with NY Insurance Law §3420's requirements for timely notice to its insured and to the answering Defendants of a denial of coverage under an exclusion or condition.

12. As a result of Plaintiff's failure to comply with NY Insurance Law §3420, Plaintiff has lost all rights to deny coverage to Avo or any insured under the *Designated Ongoing Operations and Products- Completed Operations Hazard* exclusion or condition.

13. As a result of Plaintiff's failure to comply with NY Insurance Law §3420, Plaintiff has lost any rights to deny payment to the answering Defendants for any judgment that the answering Defendants obtain against 19 RICHARDSON LLC and any of Plaintiff's insured.

14. Plaintiff owes indemnity coverage to its insured for any judgment entered against its insured in the underlying Bracker lawsuit.

15. Plaintiff owes payment to the answering Defendants for any judgment that the answering Defendants obtain against 19 RICHARDSON LLC and any of Plaintiff's insureds.

16. Based on the foregoing, the answering Defendants seek a declaratory judgment that coverage under the subject policy must be afforded for the claims asserted in the underlying Bracker lawsuit.

**AS AND FOR THE ANSWERING DEFENDANTS
FOURTH COUNTERCLAIM FOR DECLARATORY RELIEF**

17. Answering Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "16" hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

18. That if this Court finds in favor of the Answering Defendants on the First, Second or Third Counterclaim, then the Answering Defendants are entitled to recover legal fees and costs associated with defending this action.

**WHEREFORE**, it is respectfully requested that this Court enter judgment in favor of Defendants, BEVERLY BRACKER and CHARLES F. SALLEY, AS TEMPORARY CO-

GUARDIANS OF THE PERSON AND PROPERTY OF TIMOTHY BRACKER on the First, Second, Third and Fourth Counterclaims, together with attorneys' fees, costs, disbursements, and such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
      October 5, 2021

Yours, etc.,

_____
Matthew S. Aboulafia, Esq.
Aboulafia Law Firm, LLC
Of Counsel to Law Offices of Robert A. Cardali & Associates, LLP
*Attorneys for Defendants Beverly Bracker and Charles F. Salley, Temporary Co-Guardians of the Person and Property of Timothy Bracker*
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
(212) 684-1422

TO:   London Fischer LLP
*Attorneys for Plaintiff*
59 Maiden Lane, 39th Fl
New York, NY 10038
(212) 972-1000

Hurwitz & Fine, P.C.
*Attorneys for Defendant
Avo Construction, LLC*
1300 Liberty Building
Buffalo, NY 14202
(716) 849-8900

Harrington Ocko & Monk, LLP
*Attorneys for Defendant
19 Richardson LLC*
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800